IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC A. QUALLS,

      Petitioner,

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:13-CV-0263
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

**OPINION AND ORDER**

On April 3, 2013, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time barred and requests a stay of proceedings so that he may litigate his claims in the state courts. Although the trial court sentenced Petitioner on the aggravated murder and kidnapping convictions at issue here in 2002, Petitioner argues that his judgment did not become final until March 20, 2012, when the Ohio Supreme Court dismissed Petitioner's 2010 appeal regarding the trial court's *nunc pro tunc* sentencing entry to correct a clerical error omitting a provision regarding Petitioner's post release control.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED.** This Court agrees with the reasoning referred to by the

1

Magistrate Judge in *Quillen v. Warden, Marion Correctional Inst.*, No. 1:12-cv-160, 2013 WL 275973 (S.D. Ohio Jan. 24, 2013), *affirmed by Quillen*, 2013 WL 1315089 (S.D. Ohio March 29, 2013), concluding that the trial court's issuance of a *nunc pro tunc* entry to correct a clerical error did not re-start the running of the statute of limitations in this case.  Moreover, as already discussed, Petitioner's claim regarding the propriety of the trial court's issuance of the *nunc pro tunc* judgment entry raises an issue regarding the alleged violation of state law, and provides no basis for federal habeas corpus relief.

Petitioner's *Objection,* Doc. 6, is **OVERRULED**.  His request for a stay is **DENIED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**.

DATED:  June 19, 2013                                           s/Algenon L. Marbley
                                                                                         ALGENON L. MARBLEY
                                                                                         United States District Judge

`